UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------X

TRUSTEES OF THE METAL POLISHERS LOCAL
8A-28A FUNDS,

**ORDER ADOPTING REPORT
AND RECOMMENDATION**

Plaintiffs,

12-CV-4256 (KAM)(RML)

-against-

CONVENTIONAL STONE SERVICES CORP.,

Defendant.

---------------------------------------X

**MATSUMOTO, United States District Judge:**

On August 24, 2012, the Trustees of the Metal
Polishers Local 8A-28A Funds ("plaintiffs," or the "Funds")
commenced this action against Conventional Stone Services Corp.
(the "Company," or "defendant"). (ECF No. 1, Complaint,
8/24/12.) Plaintiffs, who are the fiduciaries of jointly
administered, multi-employer, labor management trust funds
established and maintained pursuant to collective bargaining
agreements ("CBAs") and trust indentures between various
employers, including defendant, and the Metal Polishers Local
8A-28A (the "Union"), brought this action under sections
502(a)(3) and 515 of the Employee Retirement Income Security Act
of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1191c, and Section 301 of
the Labor Management Relations Act of 1947, 29 U.S.C. § 185.

(*Id.* ¶¶ 1, 5-6.) Plaintiffs allege that defendant has failed to make required contributions to the Funds pursuant to the CBA, (*id.* ¶¶ 10-17), and seek to obtain an audit for the period January 1, 2008 through December 31, 2010, and any amounts found due pursuant to the audit, (*id.* ¶¶ 17, 24; ECF No. 8, Plaintiffs' Motion for Default Judgment ("Pls.' Mot."), 1/7/13, at 1).

The clerk of court entered a notice of default against defendant on January 4, 2013, because it had failed to appear or otherwise defend this action. (ECF No. 7, Clerk's Entry of Default, 1/4/13.) Plaintiffs moved for entry of default judgment against defendant on January 7, 2013. (Pls.' Mot.) On April 1, 2013, this court referred plaintiffs' motion for default judgment to Magistrate Judge Robert M. Levy for a Report and Recommendation. (*See* Order Referring Motion, 4/1/13.)

On November 1, 2013, Magistrate Judge Levy issued a Report and Recommendation, in which he recommended that plaintiffs' motion be granted to the extent that plaintiffs be permitted to conduct an audit of defendant's books and records for the period from June 1, 2008 through December 31, 2010 and that plaintiffs be awarded $350 in costs. (ECF No. 16, Report & Recommendation ("R&R"), 11/1/13, at 7, 9.) Magistrate Judge Levy also recommended that plaintiffs' request for attorney's

fees be denied without prejudice, and that plaintiffs be
permitted to submit an appropriate sworn statement and billing
records within fourteen days of the R&R, which plaintiffs have
failed to do. (*Id.* at 7.)

Plaintiffs served a copy of the R&R on defendant, and
filed proof of service of the same, on January 17, 2014. (ECF
No. 17, Certificate of Service, 1/7/14.) The R&R notified the
parties of the right to file written objections within fourteen
days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Federal
Rule of Civil Procedure 72(b). (R&R at 9.) The statutory period
for filing objections has now expired, and no objections to
Magistrate Judge Levy's R&R have been filed.

In reviewing a Report and Recommendation, the district
court "may accept, reject, or modify, in whole or in part, the
findings or recommendations made by the magistrate." 28 U.S.C.
§ 636(b)(1)(C). Where no objection to the Report and
Recommendation has been filed, the district court "need only
satisfy itself that that there is no clear error on the face of
the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10
(S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186,
1189 (S.D.N.Y. 1985) (citations omitted)).

Upon a review of the Report and Recommendation, and
considering that the parties have failed to object to any of

Magistrate Judge Levy's thorough and well-reasoned recommendations, the court finds no clear error in Magistrate Judge Levy's Report and Recommendation and hereby affirms and adopts the Report and Recommendation as the opinion of the court.

Accordingly, it is hereby ordered that (1) no later than March 7, 2014, defendant Conventional Stone Services Corp. shall permit and cooperate with an audit by plaintiffs at the defendant's place of business and provide the following documents for the period June 1, 2008 through December 31, 2010: payroll reports and journals, business income tax returns, general ledger and journal, books of original entry, subsidiary ledgers, payroll records, bank statements and cancelled checks, 1120 or 120 federal tax returns, W-2 and W-3 forms, 940, 941, WT4-A and WT4-B forms, 1099 forms, New Jersey State Employment reports, insurance reports, disability insurance reports, workers compensation report forms, and remittance reports; (2) plaintiffs are awarded $350 in costs; and (3) plaintiffs'

request for attorney's fees is denied up through and including the date of this Order.  Plaintiffs are further requested to serve a copy of this Order on defendant on or before February 25, 2014, and note service on the docket.

**SO ORDERED.**

Dated:   February 21, 2014
         Brooklyn, New York

                              _____  ___/s/_____
                              Kiyo A. Matsumoto
                              United States District Judge